```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
UNITED STATES OF AMERICA,                        :
                                                 :    MEMORANDUM & ORDER
        v.                                       :    23-CR-373 (WFK)
                                                 :
REGGIE RIVAS,                                    :
                                                 :
                        Defendant.               :
---------------------------------------------------------------X
```

**WILLIAM F. KUNTZ, II, United States District Judge:**

On August 22, 2024, Reggie Rivas ("Defendant") pled guilty to Count One of a four-count Indictment, charging him with Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a). Plea Agreement ¶ 1, ECF No. 24. The Court now sentences Defendant and provides a complete statement of reasons, pursuant to 18 U.S.C. § 3553(c)(2), of those factors set forth by Congress in 18 U.S.C. § 3553(a). For the reasons set forth below, Defendant is sentenced to thirty-six (36) months' imprisonment; two (2) years' supervised release with both the special and standard conditions of supervision; restitution to the victims in the amount of $5,200.00; and a $100.00 mandatory special assessment.

## I. BACKGROUND

*Factual Background*

Defendant committed a series of seemingly armed robberies on Beach Channel Drive in Rockaway, Queens. On July 6, 2023, around 1:50 A.M., Defendant robbed a convenience store. PSR ¶ 8; Gov't Sent'g Mem. at 1. Defendant brandished what appeared to be a black-and-white handgun at a store employee, forced the employee to open the cash register, and stole approximately $3,700.00. PSR ¶ 8. Two weeks later, on July 18, 2023, around 8:10 P.M., Defendant robbed a gas station. *Id.* ¶ 10. Defendant brandished an apparent handgun at the gas station attendant and stole approximately $250.00. *Id.* Several days later, on July 26, 2023, around 9:45 P.M., Defendant robbed a bodega. *Id.* As with the other robberies, Defendant brandished an apparent handgun. *Id.* This time, he stole approximately $500.00. *Id.* On August 13, 2023, around 2:48 A.M., an individual alleged to be Defendant robbed a fried chicken restaurant. *Id.* ¶ 11. The robber stole approximately $750.00. *Id.* Each of these robberies was

1

captured on surveillance footage. *Id.* ¶¶ 8, 10. After arresting Defendant, law enforcement officers seized an imitation gun from Defendant's person. *Id.* ¶ 13.

*Procedural History*

On August 31, 2023, the Government filed a Complaint against Defendant for committing these robberies. Compl., ECF No. 1. On September 1, 2023, then-Magistrate Judge Reyes arraigned Defendant. *See* Minute Entry for Arraignment, dated September 1, 2023. Although the Government filed a letter requesting pretrial detention, Judge Reyes ordered Defendant released on a $50,000.00 unsecured bond, co-signed by two sureties. *See* Gov't Ltr. Requesting Pretrial Detention, ECF No. 3; Order Setting Conditions of Release, ECF No. 4. The Government did not appeal Judge Reyes's decision. *See* Minute Entry for Arraignment, dated September 1, 2023.

On September 18, 2023, a United States grand jury returned a four-count Indictment charging Defendant with Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a). Indictment, ECF No. 7. The Indictment included criminal forfeiture allegations. *Id.* at 2–3. On August 22, 2024, Defendant pled guilty to Count One of the Indictment. *See* Plea Agreement, ECF No. 24. The same day, the Court entered an order of restitution against Defendant. *See* Order of Restitution, ECF No. 22. On October 23, 2025, the Court held a bail revocation hearing, during which the Court ordered Defendant's bond continued. Minute Entry dated October 23, 2025.

## II. LEGAL STANDARD

Congress set forth the procedures for imposing a sentence in a criminal case in 18 U.S.C. § 3553. Together with 18 U.S.C. § 3553, the United States Federal Sentencing Guidelines operate as the "starting point and the initial benchmark" for a court evaluating a criminal sentence. *Gall v. United States*, 552 U.S. 38, 49 (2007). If and when a district court chooses to

impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing "in a statement of reasons form." *Id.* The court's statement of reasons "shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.) (internal citation omitted).

When determining the appropriate sentence, the court must consider seven different factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and the sentence range established by the Guidelines; (5) any pertinent policy statements issued by the United States Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among similar defendants found guilty of similar conduct; and (7) the need to provide restitution to victims of the offense. *See* 18 U.S.C. § 3553(a). The Court now addresses each factor in turn.

### III. ANALYSIS

#### A. The Nature and Circumstances of the Offense and the History and Characteristics of Defendant

The first Section 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

3

### 1. *Family and Personal Background*

Defendant was born on July 26, 1997, in Yonkers, New York. PSR ¶ 63. Defendant's mother was a teenager when she had him and he has never known his father. Def. Sent'g Mem. at 3. Defendant's mother has a history of abusing alcohol, which has negatively impacted her relationship with Defendant and his siblings. PSR ¶ 63. Defendant has three maternal siblings, who are all aware of the instant case and supportive. *Id.* ¶ 64.

Between ages two and eleven, Defendant lived in Puerto Rico with his grandmother, who took legal custody of Defendant. *Id.* ¶ 65. When he was eleven, Defendant moved back to the United States—to North Carolina—to live with his mother. *Id.* ¶ 67. When Defendant's mother returned to Yonkers, New York—later moving to Lowell, Massachusetts—Defendant stayed with his uncle. *Id.* Defendant states his uncle is the closest father figure he has had in his life. *Id.* ¶ 63. Eventually, around age twenty, Defendant began staying at various homeless shelters in New York City. *Id.* ¶ 67. After aging out of the homeless shelter facilities for youth, Defendant was able to secure permanent housing in Far Rockaway, Queens, for approximately three years before his arrest in the instant case. *Id.* Defendant is recently married; he has not fathered any children. *Id.* ¶ 69.

### 2. *Educational and Employment History*

Defendant attended Yonkers Montessori Academy in Yonkers, New York, before withdrawing in the twelfth grade. *Id.* ¶ 83. Defendant also enrolled in a GED program, which he did not complete due to his arrest in the instant case. *Id.* ¶ 84. Between 2017 and 2024, Defendant worked various jobs in restaurant service, as a construction laborer, as a security guard, in the field of senior care, and at a car wash. *Id.* ¶¶ 86–92.

3. *Prior Convictions*

Defendant has no prior convictions, resulting in a criminal history score of zero and a criminal history category of I. *Id.* ¶¶ 56–57.

4. *Physical and Mental Health*

Defendant has no history of serious or chronic medical conditions. *Id.* ¶ 73. But with respect to his mental and emotional health, Defendant has experienced suicidal ideations. *Id.* ¶ 75. Defendant's uncle helped Defendant seek mental health treatment while Defendant was a teenager, but, unfortunately, Defendant did not seek further help. *Id.* ¶¶ 77–78. Defendant started gambling when he was twenty-one years old. *Id.* ¶ 79.

5. *Substance Abuse*

Defendant reports a history of frequent marijuana use beginning when he was seventeen years old. *Id.* ¶ 80.

6. *Nature and Circumstances of the Offense*

The Court's previous statements address the nature and circumstances surrounding the instant offense. *See supra* Part I.

**B.     The Need for the Sentence Imposed**

The second Section 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The Court's sentence recognizes the seriousness of Defendant's offense, which involved committing a string of robberies while brandishing what looked to be a handgun. Defendant committed not just one robbery, but several. *See supra* Part I. The Court's sentence will deter others from engaging in similar acts and justly punish Defendant for his crimes. The Court's sentence is "sufficient, but not greater than necessary" to comply with the purposes set forth in this factor. 18 U.S.C. § 3553(a).

### C.     The Kinds of Sentences Available

The third Section 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pled guilty to Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a). Plea Agreement ¶ 1. He faces a maximum term of twenty years' imprisonment. 18 U.S.C. § 1951(a). He faces a maximum term of three years' supervised release. 18 U.S.C. § 3583(b)(2). If a condition of release is violated, Defendant may be sentenced to up to two years of imprisonment without credit for pre-release imprisonment or time previously served on post release supervision. 18 U.S.C. § 3583(b), (e).

Defendant also faces a maximum fine of $250,000.00. 18 U.S.C. § 3571(b)(3). He owes forfeiture in accordance with the Plea Agreement. *See* Plea Agreement ¶ 9. Finally, the Court is required to impose a mandatory special assessment of $100.00 under 18 U.S.C. § 3013(a)(2)(A).

### D.     The Kinds of Sentence and the Sentencing Range Established for Defendant's Offense

The fourth Section 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . [t]he applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." 18 U.S.C. § 3553(a)(4)(A).

6

Defendant pled guilty to one count of Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a), and stipulated to committing two other robberies. Plea Agreement ¶¶ 1–2. Under U.S.S.G. §1B1.2(c), "[a] plea agreement . . . containing a stipulation that specifically establishes the commission of additional offense(s) shall be treated as if the defendant had been convicted of additional count(s) charging those offense(s)." Accordingly, the Court conducts a Guidelines calculation as to all three robberies.

Each robbery carries a base offense level of twenty (20). U.S.S.G. §2B3.1(a). Three offense levels are added because "a dangerous weapon was brandished or possessed." U.S.S.G. §2B3.1(b)(2)(E). The robberies are not grouped together because each involves a different victim and a different harm. U.S.S.G. §3D1.2. To determine their combined offense level, the Court assigns one unit to the "count" with the highest offense level and one additional unit to each "count" that is equally serious. U.S.S.G. §3D1.4(a). Here, each "count" is assigned one unit, requiring three more offense levels to be added. U.S.S.G. §3D1.4. Three offense levels are then subtracted because Defendant timely accepted responsibility. U.S.S.G. §3E1.1(a)–(b). These adjustments establish a total offense level of twenty-three (23).

A total offense level of twenty-three (23) and criminal history category of I results in a Guidelines range of 46–57 months' imprisonment. U.S.S.G. §5A. Probation recommends a Guidelines sentence of fifty-one (51) months' imprisonment; two (2) years' supervised release with both the standard and special conditions of supervision; and a $100.00 mandatory special assessment. Sealed Rev. Prob. Sent'g Rec. at 1, ECF No. 48-1. The Government recommends a Guidelines sentence between 46–57 months' imprisonment. Gov't Sent'g Mem. at 1. The Government contends Defendant's conduct warrants a Guidelines sentence, stating: "[A]rmed robberies have a widespread impact, not only on the victims of the robbery, but also the

7

surrounding community." *Id.* at 8. Defense counsel recommends a below-Guidelines sentence of thirty-six (36) months' imprisonment, to run concurrently with an expected state sentence also of three years for the same conduct. Def. Sent'g Mem. at 1. Defense counsel emphasizes Defendant's difficult upbringing, stating "the instant offense was aberrant behavior by a law-abiding young man who has survived a lifetime of trauma." *Id.* at 3. Defense counsel submits a letter from Defendant himself, in addition to letters of support from Defendant's wife and his wife's grandfather. *See* Ex. B–D to Def. Sent'g Mem.

The Court appreciates the sentencing arguments raised by all parties and has thoroughly considered each in turn.

### E.     Pertinent Policy Statement(s) of the Sentencing Commission

The fifth Section 3553(a) factor requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission." 18 U.S.C. § 3553(a)(5).

Probation argues the Court may consider Defendant's other criminal conduct—robbing a fried chicken restaurant on August 13, 2023—not stipulated to in his plea agreement. PSR ¶ 111; Second Addendum to the PSR at 7. Defense counsel objects to this. Def. Sent'g Mem. at 1–2.

### F.     The Need to Avoid Unwarranted Sentence Disparities

The sixth Section 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

For the reasons stated in this Memorandum and Order, and considering the other Section 3553(a) factors, Defendant's sentence avoids unwarranted sentence disparities.

8

### G.    The Need to Provide Restitution

The seventh and final Section 3553(a) factor requires the Court to touch upon "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). Restitution is mandatory in this case pursuant to 18 U.S.C. § 3663A. On August 22, 2024, the Court granted an Order of Restitution ordering Defendant pay $5,200.00 in from his robberies. PSR ¶ 107. The Court reserves its right pursuant to 18 U.S.C. § 3664(d)(5) to hold an evidentiary hearing within ninety (90) days after this sentencing to determine the specific amounts owed to Defendant's victims.

## IV. CONCLUSION

For the reasons set forth above, the Court sentences Defendant to thirty-six (36) months' imprisonment; two (2) years' supervised release with both the special and standard conditions of supervision; restitution to the victims in the amount of $5,200.00; and a $100.00 mandatory special assessment. This sentence is sufficient but not greater than necessary to accomplish the purposes of Section 3553(a)(2). The Court does not impose a fine considering Defendant's apparent inability to pay.

The Court expressly adopts the factual findings of the Sealed Presentence Investigation Report and Addenda thereto, as corrected herein, to the extent those findings are not inconsistent with this opinion.

SO ORDERED.

s/WFK

_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: December 9, 2025
Brooklyn, New York

10